# 8173

NO. 8173

COURT OF APPEAL

PARISH OF ORLEANS.

———

JACOB FALLO, INCORPORATED

versus

CHARLES DURR.

———

Court of Appeal

Parish of Orleans

JAN 2/22

Stanbury

Dinkelspiel; J.

Plaintiff sues for a commission as real estate agents and amongst other allegations, allege that on or about June 15th,1920, defendant granted a written authorization in favor of Fallo & Short, the latter transferring all right in said contract to plaintiff, and that plaintiff had the sole right to sell defendant's property at 1543 Exposition Boulevard, in the City of New Orleans, for the price and sum of Seventeen Thousand Dollars, and going on to allege further that the authority so to sell was in full force and effect for a period of twenty days from June 15th and thereafter unless said agreement is revoked by thirty days written notice giving an exclusive right to sell the property in question, or if said property is sold by anyone else, nevertheless they would receive their commission of three per cent and further alleging that their predecessors Fallo & Short advertised said property, interest several parties, amongst them being a Mrs. Elizabeth O. Pegand, who finally purchased the property; further that their authorization was in full force and effect but that defendant in violation of said agreement and knowing full well that the purchaser secured by him was the same whom plaintiff had secured, sold the property to the lady, Mrs. Pegand within the time of the contract and therefore plaintiff was entitled to their commission in the sum of Four Hundred Fifty Dollars, with interest and costs and prayed for general relief.

To this petitioner there was filed the exception, first that the petition is too vague, general and indefinite to permit respondent to safely answer thereto, and second, exceptor further pleads the exception of no right of action and of no cause of action.

On the trial of this case, the exception of no cause of action was maintained and from this judgment there is this appeal.

The questions presented are neither new, nor novel; the petition contains sufficient allegations, if true, and for the purposes of a suit they are taken for true, to entitle plaintiff to be heard on the merits of this case and we do not think that this case should go off on an exception.     It may be possible that on the trial of this case, plaintiff will not be able to substantiate facts alleged, but to hold that on an exception same should be thrown out of Court without further trial or hearing, we are satisfied is not permissable.

In a case recently decided by this Court, the very statements and allegations in the petition, on similar exception, was decided adversely to the defendant and it was there held:

"An exception of no cause of action should never be sustained unless it be certain that the plaintiff can recover nothing on his claim; if the claim be only doubtful the exception should be overruled and the case heard on the merits."

> Jacobs Candy Co. vs. Dennis Sheen Transfer Co.
> No. 8150, Court of Appeal.

> And there cited, 9th Orleans Appeals; 119 La. 106; 122 La. 831.

"An exception of no cause of action should not be sustained when a judgment of some kind, however small could be legally rendered on the allegations supported by evidence."

> Davis vs. Arkansas Southern R. R. Co., 117 La. 320.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be reversed and the exception of no cause of action overruled and the case remanded for trial on the merits, according to law; defendant to pay the cost of this appeal and the other costs to await final judgment.

Judgment reversed and case remanded.